IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) ) | Civ. No. 4:22-CV-31 (CDL) |
| ADRIANA OLIVIERI CINQUEMANI, | ) ) | |
| Respondent. | ) ) | |

## ORDER AND FINAL JUDGMENT

This matter is before the Court on the Petition for Order Compelling Arbitration ("Petition") filed by Petitioner American Family Life Assurance Company of Columbus ("Aflac" or "Petitioner"). The Court held a hearing on this matter via videoconference on Friday, March 4, 2022, at which counsel for Petitioner appeared. Neither Respondent Adriana Olivieri Cinquemani ("Respondent") nor her counsel have entered an appearance in this matter to date. Having reviewed the pleadings, declarations and exhibits filed, and being advised of the issues at the hearing and otherwise, the Court makes the following findings of fact and conclusions of law:

## FINDINGS OF FACT

1.    This is a petition to compel arbitration brought under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 4. Aflac is a Nebraska corporation headquartered in Columbus, Georgia, which is engaged in the business of providing supplemental life, health, and accident insurance. Respondent is an independent contractor sales agent with Aflac, who entered into an Associate's Agreement to market Aflac insurance products in or around February 2021. Respondent is a resident and citizen of the State of California.

2.      Petitioner filed its Petition on February 4, 2022. (ECF No. 1.) Petitioner seeks an order from this Court compelling Respondent to submit to binding arbitration, on an individual basis, certain claims she has asserted against Petitioner in a putative class action currently pending in the Superior Court of the State of California, County of San Bernadino, Case No. CIV SB 2135234 (the "California Action"). In the California Action, Respondent alleges that she and other putative class members are or were misclassified by Aflac as independent contractors, and asserts class-wide claims on nine causes of action for various alleged wage-and-hour violations and other employment-related claims under California state law, as well as a claim for violation of California's Unfair Competition Law, CAL. BUS. & PROF. CODE §§ 17200-17210. (Ensor Decl. Ex 1-A, Class Action Complaint (Super. Ct. Cal. Dec. 29, 2021) ¶¶ 4, 76–117, ECF No. 4-1.) Respondent has also indicated to Petitioner that she intends to include representative claims in her class action for civil penalties under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). (Ensor Decl. Ex. 1, Letter from Megan E. Ross to Aflac 1 (Dec. 29, 2021), ECF No. 4-1.) As alleged in the Petition, Respondent's California Action asserts claims for various penalties, damages and other forms of relief that, particularly on a class-wide basis, would exceed $75,000.00 if Respondent were to succeed on her claims.

3.      In addition to an order compelling Respondent to submit the above-referenced claims to arbitration on an individual, non-class, non-representative basis, Petitioner also asks the Court to enjoin Respondent from taking any further actions to prosecute the California Action in court. In support of its requests, Petitioner relies upon an arbitration provision contained in Respondent's Associate's Agreement. (Strickland Dep. Ex. 1, Aflac Associate's Agreement ¶ 10, ECF No. 4-2 [hereinafter Associate's Agreement].)

4.      As alleged in the Petition, Respondent executed her Associate's Agreement on or around January 31, 2021, and it became effective upon Aflac's countersignature executed on or around February 20, 2021.

5.      Paragraph 10 of Respondent's Associate's Agreement contains an arbitration agreement providing that, with certain exceptions not applicable here, "any dispute arising under or related in any way to this Agreement ('Dispute'), to the maximum extent allowed under the Federal Arbitration Act ('FAA'), shall be subject to mandatory and binding arbitration, including any Dispute arising under federal, state or local laws, statutes or ordinances[.]" (*Id*. ¶ 10.1.) The Associate's Agreement further prohibits Respondent from bringing an action in any forum in a representative capacity without Aflac's consent, providing that "[t]here shall be no consolidation of claims or class actions without the consent of all parties." (*Id.* ¶ 10.4.)

6.      The Associate's Agreement further provides that "[a]ny party may seek an order of any court of competent jurisdiction to enforce this Arbitration Agreement. It is agreed that Aflac may bring such action in any federal or state court in the State of Georgia and Associate hereby consents to personal jurisdiction and venue in such court." (*Id.* ¶ 10.3.) The Associate's Agreement also states that "[a]ny court of competent jurisdiction is authorized to issue any injunctive or other equitable relief in aid of arbitration, including without limitation a temporary restraining order or preliminary injunction[.]" (*Id.* ¶ 10.5.)

7.      Respondent was personally served with a summons and copies of the Petition and its accompanying pleadings on February 4, 2022. (Proof of Service 1, ECF No. 7.) Respondent has not asserted any challenge to service. The Court finds that service was proper and that Respondent was properly notified of this motion.

8.      On February 23, 2022, Petitioner filed a motion requesting that the Court hold a hearing on this matter on March 4, 2022. (Mot. for Expedited Review and Hr'g of Pet. for Order Compelling Arbitration 3, ECF No. 8.) On February 25, 2022, the Court granted Petitioner's motion and set a videoconference hearing for March 4.

9.      Counsel for Petitioner electronically served a copy of the order setting the March 4 hearing on Respondent's counsel in the California Action on February 28, 2022. Petitioner also attempted personal service on Respondent, and on March 2, 2022 copies of the order setting the March 4 hearing and the Court's instructions for accessing and attending the hearing (to be held via videoconference) were left at Respondent's residence. On March 3, 2022, Petitioner again attempted personal service on Respondent, and copies of same were personally served on Respondent's mother at Respondent's home address. Accordingly, the Court finds that Respondent was provided sufficient notice of the March 4, 2022 hearing.

10.     Respondent did not attend the hearing on March 4, 2022, nor did an attorney enter an appearance on her behalf.[1]

## CONCLUSIONS OF LAW

1.      The first issue for the Court to decide is the legal effect of Respondent's failure to respond to the Petition.  At the hearing, the Court suggested that the Federal Rules of Civil Procedure should apply to this petition, and thus Respondent would be deemed to be in default having failed to respond to the Petition within 21 days of service.  The factual allegations in the Petition therefore would be deemed admitted.  Upon further reflection and based upon additional

---

[1] Respondent's counsel for the California Action was present for the hearing and noted for the record that she was neither specially nor generally appearing on behalf of Respondent, but was rather "listening in" to the hearing solely as an observer. Counsel's presence demonstrates that Respondent and her counsel had notice of the hearing and the Petition, but affirmatively chose not to respond or object to either the Petition or Motion for Expedited Review and Hearing.

research, the Court today concludes that the default provisions of the Federal Rules of Civil Procedure do not apply here.  The Federal Rules of Civil Procedure govern proceedings relating to arbitration except as otherwise provided in 9 U.S.C.  *See* Fed. R. Civ. P 81(a)(6)(B). The Federal Arbitration Act treats petitions to compel arbitration as "motions."  9 U.S.C. § 6; *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 22 nn. 26-27 (1983) (recognizing 9 U.S.C § 6 treats petitions to compel arbitration under § 4 as motions).  Therefore, to the extent that the Federal Rules of Civil Procedure conflict with treating this Petition as a "motion" as opposed to an "action," those rules shall not apply.  Under Local Rule 7.2, responses to motions must be served within 21 days of service of the motion. *See* M.D. Ga. R. 7.2 ("Respondent's counsel desiring to submit a response . . . shall serve the same within twenty-one (21) days after service of movant's motion and brief.").  But failure to respond to the motion within that 21-day period does not necessarily warrant the granting of a motion by default.  Here, Respondent was notified that the Petition would be heard on March 4, 2022, and thus she arguably had until that date to submit any evidence and argument she wished for the Court to consider.  Although she had an opportunity to submit any evidence and argument for the Court's consideration, she chose not to do so. Without making an entry of appearance in the case, Respondent's counsel did appear on the videoconference to observe.  But as noted, she submitted no evidence for the record.  Thus, the Court treats Petitioner's Petition as a motion to which no response was made and considers the merits of the Petition based upon the present record.

2.      Although Respondent's counsel affirmatively indicated during the videoconference that neither she nor Respondent were making an appearance in the proceedings and that she was only there to observe, she did volunteer at the hearing that she did not believe Respondent was subject to personal jurisdiction in this Court based upon a recently enacted California statute.

Notwithstanding Respondent's failure to appear and seek dismissal of this motion based on lack of personal jurisdiction, the Court nevertheless finds it appropriate to expressly address its jurisdiction before proceeding further.  The FAA provides that a petition to compel arbitration may be brought in "any United States district court" that would have jurisdiction under Title 28 of the United States Code. *See* 9 U.S.C. § 4. As noted above, Petitioner is a corporate citizen of Nebraska and Georgia, and Respondent is a citizen of California, and the amount in controversy in the California Action exceeds $75,000.00.  Accordingly, the Court concludes that it has diversity jurisdiction over this motion under 28 U.S.C. § 1332.

3.      With respect to personal jurisdiction, it is well-settled that a court sitting in Georgia has personal jurisdiction over a defendant who contractually agrees to jurisdiction in this State. *See, e.g., Gill v. Nicol,* No. 4:11-CV-168 CDL, 2012 WL 1358490, at *4 (M.D. Ga. Apr. 19, 2012) ("A nonresident can consent to personal jurisdiction in Georgia if the nonresident enters into a contract that contains a Georgia forum selection clause, so long as the forum selection clause is enforceable." (citing *OFC Cap. v. Colonial Distribs., Inc*., 648 S.E.2d 140, 141, 43 (Ga. Ct. App. 2007))); *Dixie Homecrafters, Inc. v. Homecrafters of Am., LLC,* No. 1:08-CV-0649-JOF, 2009 WL 596009, at *5-6 (N.D. Ga. Mar. 5, 2009) (finding that defendants had consented to personal jurisdiction in Georgia courts through a forum selection clause in a nondisclosure agreement).

4.      Respondent's Associate's Agreement contains a valid forum selection clause providing that Aflac may bring an action to enforce the arbitration provision "in any federal or state court in the State of Georgia and Associate hereby consents to personal jurisdiction and venue in such court." (Associate's Agreement ¶ 10.3.) Accordingly, the Court concludes that Respondent consented to jurisdiction and venue being proper in this Court, and that this Court has such personal jurisdiction over Respondent by virtue of her contractual agreement with Aflac and other contacts

with Georgia as alleged in the Petition. The Court further concludes that its exercise of personal jurisdiction over Respondent comports with both constitutional due process requirements and the Georgia long-arm statute, which expressly confers jurisdiction over a nonresident defendant who, among other bases, "[t]ransacts any business within this state." O.C.G.A. § 9-10-91(1).

5.      Having expressly found jurisdiction exists to consider this matter, the Court next addresses the merits of the Petition.  Pursuant to Section 4 of the FAA, a federal district court with jurisdiction over a matter shall enforce a valid arbitration agreement between two parties by compelling a dispute covered by that agreement proceed to arbitration when the requirements for enforcement are met. 9 U.S.C. § 4. As the Eleventh Circuit Court of Appeals has explained, "the FAA requires a court to . . . compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable under ordinary state-law contract principles and (b) the claims before the court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) (internal quotation marks omitted) (citing 9 U.S.C. §§ 2–4).

6.      As to the first element under Section 4 of the FAA, Petitioner has presented sworn evidence that it entered into a fully valid and enforceable written Associate's Agreement with Respondent in or around February 2021, and that Paragraph 10 of the Associate's Agreement contains a similarly valid and enforceable arbitration agreement under Georgia law. No evidence has been presented to refute Petitioner's affidavits which support the validity and enforceability of the Agreement.   Based on the present record, the Court concludes that Respondent's Associate's Agreement is a valid and binding contract under Georgia law, and that the arbitration agreement

contained in Paragraph 10 of the Associate's Agreement is likewise valid and enforceable under ordinary state-law contract principles and the FAA.[2]

7.      As to the second element under Section 4 of the FAA, the arbitration agreement at issue provides that it applies to "any dispute arising under or related in any way to" Respondent's Associate's Agreement, "including any Dispute arising under federal, state or local laws, statutes or ordinances[.]" (Associate's Agreement ¶ 10.1.) As noted above, Respondent's claims in the California Action are premised on alleged violations of California state wage-and-hour laws and other employment statutes, and broadly relate to (a) her and other putative class members' classification as independent contractors under the Associate's Agreement; (b) the compensation she and other putative class members were paid by Aflac pursuant to the Associate's Agreement; and (c) the terms and conditions of her and other putative class members' alleged employment with Aflac, including Aflac's alleged failure to maintain certain employment records and to provide Respondent with rest and meal periods and other employment benefits as a result of her alleged misclassification as an independent contractor. As such, the Court concludes that all of Respondent's claims in the California Action fall within the scope of the arbitration provision in Paragraph 10 of her Associate's Agreement, as they are disputes "arising under or related in any way to" the Associate's Agreement governing her relationship with Aflac. (*Id.*)

8.      Additionally, the Court concludes that Paragraph 10.4 of Respondent's Associate's Agreement contains a valid waiver of her right to act as a representative to bring claims against

---

[2] This Court and a panel of the Eleventh Circuit previously reached similar conclusions in actions involving Petitioner's arbitration agreements. *See, e.g., Am. Fam. Life Assurance Co. of Columbus v. Hubbard*, No. 4:17-CV-246 (CDL), 2018 WL 283254, at *6 (M.D. Ga. Jan. 3, 2018) (granting petition to compel arbitration because the Associate's Agreement there contained an enforceable arbitration agreement); *Am. Fam. Life Assurance Co. of Columbus v. Hubbard*, 759 F. App'x 899, 904-06 (11th Cir. 2019) (per curiam) (affirming the District Court's decision to enforce the arbitration agreement because the arbitration agreement was not unconscionable).

Aflac on a collective and/or class-wide basis. *See Webb v. Doordash, Inc.*, 451 F. Supp. 3d 1360, 1368 (N.D. Ga. 2020) (noting that "[t]he Eleventh Circuit has held 'arbitration agreements precluding class action relief are valid and enforceable.'" (quoting *Jenkins v. First Am. Cash Advance of Ga., LLC*, 400 F.3d 868, 877-78 (11th Cir. 2005))); *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1378 (11th Cir. 2005) (holding a class action waiver did not render an arbitration agreement unconscionable); *Randolph v. Green Tree Fin. Corp.-Ala.*, 244 F.3d 814, 819 (11th Cir. 2001) (holding an arbitration agreement was enforceable even if it included a class action waiver); s*ee also Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018) ("[A]s a matter of law the answer is clear. In the Federal Arbitration Act, Congress has instructed federal courts to enforce arbitration agreements according to their terms – including terms providing for individualized proceedings."); *AT&T Mobility v. Concepcion*, 563 U.S. 333, 344 (2011) (holding the FAA preempted a state rule rejecting class actions waivers in arbitration agreements as unconscionable because "[r]equiring the availability of classwide arbitration interferes with fundamental attributes of arbitration and thus creates a scheme inconsistent with the FAA.").

9.     In light of the above findings of fact and conclusions of law, the Court finds that both of the requirements for arbitrability under Section 4 of the FAA are met in this case. Accordingly, the Court GRANTS the Petition and hereby ORDERS an ADJUDGES as follows:

a.     In accordance with Paragraph 10 of her Associate's Agreement and pursuant to the FAA, Respondent is hereby ORDERED to submit any and all claims she has against Aflac arising out of or relating in any way to her contractual engagement with Aflac to binding arbitration on an individual basis, to the extent she wishes to pursue any such claims, including without limitation those claims alleged by Respondent in the class-action complaint she

filed in *Cinquemani v. American Family Life Assurance Company of Columbus*, Case No. CIV SB 2135234, in the Superior Court of the State of California for the County of San Bernadino; and

         b.      In accordance with Paragraph 10.5 of her Associate's Agreement, Respondent is hereby ENJOINED from taking any further steps to prosecute against Aflac any claims arising out of or relating in any way to her contractual engagement with Aflac, other than through arbitration on an individual basis pursuant to the terms of Respondent's Associate's Agreement.

        Because this Order and Final Judgment disposes of all issues pending before the Court, this action is hereby dismissed in its entirety.  The parties shall bear their own costs.

        This 9th day of March, 2022.


          \_\_S/Clay D. Land
          HON. CLAY D. LAND
          U.S. DISTRICT COURT JUDGE